## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

In Re: MARCONI, PLC, Securities Litigation    :    Civil Action No. 2:01-CV-1259
                                              :

## ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUNDS TO VALID CLAIMANTS, ALLOWING LATE-FILED CLAIMS, DISALLOWING REJECTED CLAIMS, AND ALLOWING PAYMENT OF ADDITIONAL SETTLEMENT ADMINISTRATION COSTS

AND NOW, this **_13_** day of December, 2005, upon consideration of Lead Plaintiff's Unopposed Motion for an Order to Approve Distribution of Settlement Funds to Valid Claimants, to Allow Late-Filed Claims, to Disallow Rejected Claims, and to Pay Additional Settlement Administration Costs (the "Distribution Motion"), as well as the Stipulation and Agreement of Settlement ("the stipulation") approved by the Court in its Order and Final Judgment dated January 16, 2004 (the "Final Order"), it is hereby **ORDERED** as follows:

1. The procedures used and actions taken by Heffler, Radetich & Saitta L.L.P. (the "Heffler firm"), the Claims Administrator, and Plaintiff's Counsel for the administration of the Settlement are hereby adjudged to have been proper and complete, and the Court hereby approves the administrative determinations of the Heffler firm in accepting and rejecting claims filed in this matter.

2. The Court hereby approves the valid, documented claims listed in the payable claims portion of the Claimants Listing dated October 26, 2005, attached as Exhibit "B" to the Distribution Motion. These claims include totally valid claims, as well as the valid portions of partially valid claims, of both timely filed and late filed claims (the "Authorized Claimants").

3. The Court hereby affirms the Heffler firm's rejection of the claims set forth in the of the non-payable claims portion of the Claimants Listing (Exhibit "C"to the Distribution Motion) as entirely rejected or totally deficient claims.

4. The Court approves a payment of $1,399.18 from the Settlement Fund for the expenses incurred by Plaintiff's Counsel in connection with the settlement and administration of the claims. This amount is separate from and additional to the litigation expenses that the Court approved in the Final Order. The combined total amount of these settlement expenses with the litigation expenses awarded to Plaintiff's Counsel in the Final Order are below the $275,000 ceiling on such expenses listed in the Notice provided to the members of the Class.

5. The Court approves payment from the Settlement Fund of the $21,002.61 in remaining and future fees and costs of claims administration, incurred for distribution and post-distribution services by the Heffler firm.

6. Plaintiff's Counsel are directed to distribute the balance of the Settlement Fund to the Authorized Claimants listed on Exhibit "B" to the Distribution Motion, less any reserves for taxes, in accordance with the Plan of Allocation as approved by the Court in its Final Order.

7. The Court directs that the checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Settlement Fund more than 200 days after the date of the check.

8. The Court also finds that, 365 days after the initial distribution of the Net Settlement Fund to Authorized Claimants, it will be appropriate for the Heffler firm to destroy all claim forms and related correspondence. The Heffler firm shall, however, retain all other administrative records, including a copy of the Claimants Listing and the computer database used to create the lists of

2

payable claims and non-payable claims, for a period of three (3) years after the initial distribution of the Net Settlement Fund to the Authorized Claimants.

9. The Heffler firm, Lead Plaintiffs', Plaintiff's Counsel and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms are released and discharged from any and all claims arising out of such involvement (the "Released Administrative Persons"), and all Class members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claims against the Settlement Fund or the Released Administrative Persons beyond the amount allocated to them by the Heffler firm pursuant to this Order.

DATED: /2 | 13 , 2005

Gary L. Lancaster, Judge

397908

3